### THAU *v.* BANKERS' & MERCHANTS' TEL. CO.

(*Superior Court of New York City, General Term.* May 7, 1888.)

RECEIVERS— APPOINTMENT BY SUPERIOR COURT— FORMER ORDER OF SUPREME COURT.
    Where the order of the New York superior court appointing a receiver provides that nothing therein contained shall affect the right of any receiver theretofore appointed over any property of defendant to act in accordance with the powers and duties conferred upon him, does not conflict with a previous order of the supreme court appointing a receiver of defendant's property.

Appeal from special term; DUGRO, Justice.

Appeal by defendant, the Bankers' & Merchants' Telegraph Company, from an order appointing a receiver of its property.

*Robert H. Griffin,* (*Robert G. Ingersoll,* of counsel,) for appellant. *Robert S. Hudspeth,* (*Benjamin Patterson,* of counsel,) for respondent.

O'GORMAN, J. On December 3, 1885, the plaintiff in this action recovered a judgment in this court against the defendant for the sum of $2,511.82, and that judgment was duly filed and docketed on that day. A receiver of the property of defendant corporation having been duly appointed by the supreme court, a motion was made by the plaintiff here in that court for permission to issue execution on his said judgment against the property of the corporation, for the purpose, as stated in his affidavit, used on the motion, of enabling the plaintiff to take proceedings for sequestration of the property of the corporation under the authority of section 1784 *et seq.* of the Code of Civil Procedure. On May 27, 1887, an order was made by the supreme court in and for the county of New York granting such permission, and execution was thereupon issued, and returned unsatisfied. In June, 1887, the present suit was brought by the plaintiff, in which he prays for sequestration of the corporate property, and for the appointment of a receiver, with the usual powers and obligations, to take possession of the property, and apply the proceeds to the benefit of all the creditors as should be equitable. On January 3, 1888, an order was made in this action by this court at special term, on motion of the plaintiff herein, for the appointment of a receiver in this action, in which order it was, among other things, provided "that nothing therein contained would affect the right and power of any receiver theretofore appointed over any property of the defendant corporation to act in the performance and accordance with the powers and duties conferred upon him by the order appointing him, pursuant to law." From this order the defendant company now appeals for various reasons, prominent among which is that the appointment of such receiver would create a conflict with the supreme court.

I do not think that there is any just reason for such an apprehension. The provision in the order above set forth would render such conflict impossible, and there is no evidence that any step has been taken or contemplated by the receiver appointed under that order inconsistent with that provision. The appointment of the receiver in this action was within the judicial discretion of the court, on the facts placed before it on the motion, and I see no reason to doubt that that discretion was not in this case exercised properly and for good cause. The other reasons for reversing this order, urged on behalf of the defendant, seem to me without merit. In the order, however, appointing the receiver, some clauses occur which seem to be inconsistent with the provision therein to which I have above referred, and which should be stricken out, amended, or altered. The phrase "of the said defendant," in folio 10 of the papers on appeal, should be changed to read "owned by the said defendant;" and after the words "the Bankers' & Merchants' Telegraph Company," in the same folio, should be added, "on the 21st day of October, 1887, or to which it was entitled on that day." The words following the above phrase in folio 10, beginning "not incumbered," etc., down to and including the words "one thousand dollars each, together with interest thereon," near the end of folio 11, should be stricken out. In folio 12, at the beginning, after the word "all," add, "or any part of aforesaid property," and strike out the rest of the paragraph down to and including the words "permanent receiver." In folio 12, after the words "executes and acknowledges," add, "and files;" and in folio 13 strike out the words "and upon the filing of which bond," down to and including the words "appointing him pursuant to law," in folio 16. With these alterations, the order appealed from is affirmed, without costs.

SEDGWICK, C. J., concurs.